**Anthony ALVAREZ, Plaintiff,**

v.

**ALLECO, INC., a Maryland corporation, Macke Laundry Services, Inc., a California corporation, Jerry Seiden, an individual, M. Spagat, an individual, Defendants.**

**No. CV 87–08425–CBM.**

United States District Court, C.D. California.

July 14, 1988.

William M. Croxby, Irvine, Cal., for plaintiff.

Robert F. Millman, Robert W. Feinstein, Littler, Mendelson, Fastiff & Tichy, Los Angeles, Cal., for defendants.

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

CONSUELO BLAND MARSHALL, District Judge.

This matter is before the Court on the motions of Defendants Alleco, Inc., Macke Laundry Services, Inc., Jerry Seiden and Matthew Spagat to dismiss Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6) or, in the alternative, to strike under F.R.C.P. 12(f) and for monetary sanctions under F.R.C.P. 11. A hearing was held before the Honorable Consuelo B. Marshall, United States District Court Judge, on May 16, 1988. Counsel appeared on behalf of the parties.

Plaintiff filed a first amended complaint on March 3, 1988, alleging only one cause of action for breach of written contract and claim for benefits under ERISA, 29 U.S.C.

---

section 1132. On March 28, 1988, Defendants brought motions to dismiss or, in the alternative, to strike Plaintiff's first amended complaint and for monetary sanctions pursuant to F.R.C.P. 12(b)(6), 12(f) and 11.

Defendants claimed that Plaintiff's cause of action was preempted by ERISA and that even if it was recharacterized as an ERISA claim for severance pay under an employee welfare benefit plan, Plaintiff failed to set forth sufficient facts to establish his entitlement under such a plan. Defendants contended that Plaintiff's first amended complaint failed to remedy the material deficiencies in his original complaint as set forth in the Court's order entered February 29, 1988, and failed to allege facts demonstrating that Defendants are bound by the severance plan and that Plaintiff meets the plan's eligibility requirements for benefits. As a result of such failure to allege additional facts or correct the material deficiencies noted by the Court, Defendants also sought sanctions, including attorneys' fees, against Plaintiff and his counsel pursuant to F.R.C.P. 11. Additionally, Defendants sought to strike Plaintiff's prayer for relief since only equitable remedies are recoverable under ERISA section 502(a)(3), 29 U.S.C. section 1132(a)(3).

■ Plaintiff claims that based on *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), not all severance benefit programs constitute "plans" within the scope of ERISA. Therefore, he requests the opportunity to conduct discovery in order to determine whether the severance provisions in this case fall within the scope of ERISA. After consideration of the *Fort Halifax* case, the Court nonetheless believes that the "Guidelines" represent a "severance pay plan" under ERISA and that Plaintiff's first amended complaint is therefore preempted by ERISA for the reasons set forth in this Court's February 24, 1988 order granting Defendants' motion to dismiss. Furthermore, the Court denies Plaintiff's request to conduct discovery inasmuch as such dis-

covery would serve no useful purpose herein.

■ Plaintiff's amended complaint differs only slightly from the original complaint. He fails to address with more specificity the connection between Servomation (by whom he was originally hired) and Allegheny, Alleco, and Macke Laundry Services, Inc. (by whom he was employed at the time of discharge). Plaintiff is requesting severance pay under "Guidelines of Involuntary Separation" issued by Allegheny. In this Court's order of February 29, 1988, Plaintiff was requested to address whether the severance pay plan issued by Allegheny was binding upon Alleco or Macke. He made no attempt to do this in the amended complaint. Plaintiff states (in his opposition) he is unable to allege detailed facts demonstrating that defendants are bound by the plan and that plaintiff meets the Guideline's eligibility requirements. Plaintiff's first amended complaint is devoid of any facts establishing that any Defendant was bound by or obligated under Allegheny Beverage Corporation's severance pay plan. The Court does not believe Plaintiff can state a claim upon which relief can be granted herein, based in part upon the assertions of Plaintiff's counsel.

IT IS HEREBY ORDERED: Defendants' motions to dismiss are granted with prejudice.